IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD ROLLINS,<br><br>    Petitioner,<br><br>vs.<br><br>THOMAS LAVALLEY,<br><br>    Respondent. | No. 9:10-cv-01164-JKS<br><br>MEMORANDUM DECISION |

  Richard Rollins, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Rollins is currently in the custody of the New York Department of Corrections and Community Supervision, incarcerated at the Clinton Correctional Facility. Respondent had answered, and Rollins has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

  Rollins was convicted by a Schenectady County jury of one count of Manslaughter in the Third Degree (N.Y. Penal Law § 125.20[1]), two counts of Criminal Use of a Firearm in the First Degree (N.Y. Penal Law § 265.09[1](a), (b)), one count of Criminal Possession of a Firearm (N.Y. Penal Law § 265.03[2]), and four counts of Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § 265.02[1], [4]).[1] In April 2003, the Schenectady County Court sentenced Rollins to an aggregate prison sentence of forty-seven years, followed by thirteen years of supervised release. While his appeal was pending, Rollins, appearing *pro se*, filed a motion to vacate his sentence under N.Y. Criminal Procedure Law § 440.20 ("CPL §

---

[1] The jury acquitted Rollins of two counts of second-degree murder and one count of first-degree reckless endangerment.

440.20 motion) in the Schenectady County Court. The County Court denied the motion and the Appellate Division granted leave to appeal. The Appellate Division, Third Department, consolidating the appeal from the conviction and the denial of the CPL § 440.20 motion, affirmed Rollins's conviction, but reduced his sentence to twenty-five years imprisonment, followed by five years of supervised release, and the New York Court of Appeals denied leave to appeal on January 6, 2009.[2] On December 15, 2009, Rollins, appearing *pro se*, filed an application for a writ of error *coram nobis* in the Appellate Division, which was summarily denied without opinion or citation to authority, and the Court of Appeals denied leave to appeal on July 1, 2010. Rollins timely filed his Petition for relief in this Court on September 23, 2010.

The facts underlying Rollins's conviction are not germane to the issues presented; therefore, they are not recited herein.

## II. GROUNDS RAISED/DEFENSES

In his Petition Rollins raises three grounds: (1) the trial court impermissibly constructively amended the indictment by *sua sponte* submitting two lesser charges to the jury, i.e., manslaughter in the first and second degree; (2) ineffective assistance of appellate counsel; and (3) the trial court erred in failing to instruct on the defense of others in its justification charge. Respondent contends that Rollins's first ground is unexhausted, but raises no other affirmative defenses. In his Traverse, Rollins conceded his first and third grounds lacked merit and abandoned them. Consequently, this Court will not consider those two grounds.

## III. STANDARD OF REVIEW

---

[2] *People v. Rollins*, 858 N.Y.S.2d 474 (App. Div. 2008), *lv. denied*, 902 N.E.2d 442 (NY 2009) (Table)*, and* 902 N.E.2d 449 (N.Y. 2009) (Table).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4] The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[5] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[6] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be "objectively unreasonable," not just "incorrect or erroneous."[7] The Supreme Court has made clear that the objectively unreasonable standard is "a substantially higher threshold" than simply

---

[3] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[4] *Williams*, 529 U.S. at 412 (alteration added).

[5] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[6] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam).

[7] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

believing that the state-court determination was incorrect.[8]  "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[9]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[10]  Rollins "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."[11]

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244).  *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther.*  Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.  *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[12]

---

[8] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

[9] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[10] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[11] *Hawkings v. Castello*, 460 F.3d 238, 264 (2d Cir. 2006) (internal quotation marks and citations omitted).

[12] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[13] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[14] Although pre-AEDPA precedent established that deference is due to the findings of state appellate courts,[15] the Second Circuit has left the question open with respect to AEDPA cases.[16] In the absence of a clear indication from the Second Circuit to the contrary, this Court can find no principled reason not to apply the same rule in the context of AEDPA, i.e., findings of a state appellate court are presumed to be correct.

## IV. DISCUSSION

Ground 2: Ineffective Assistance of Appellate Counsel

Although the trial court gave a "justification" instruction with respect to the two counts of murder, it did not give a similar charge with respect to the two lesser charges of which Rollins was convicted, i.e., manslaughter. Rollins argues that the trial counsel should have requested that the jury also be instructed that if it found him not guilty of either of the murder counts on the grounds of justification, then the jury should have been instructed to not consider the lesser

---

[13] *Cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . ."); *Jones v. Stinson*, 229 F.3d 112, 118 (2d. Cir. 2000).

[14] 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary . . . ." (citing 28 U.S.C. § 2254(e)(1))).

[15] *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Ventura v. Meachum*, 957 F.2d 1048, 1055 (2d Cir. 1992).

[16] *See Boyette v. Lefevre*, 246 F.3d 76, 88 n.7 (2d Cir. 2001).

5

counts of manslaughter. Rollins cites *People v. Roberts*,[17] which, in addition to a series of other New York cases, held that jurors must be charged "that if they found the defendant not guilty of a greater charge on the basis of justification, they [are] not to consider any lesser counts."[18] Rollins contends that, because trial counsel did not request the trial court to instruct the jury that a finding of not guilty on the two counts of murder on the basis of justification precluded consideration of the lesser charges of which he was convicted, i.e., manslaughter, trial counsel was ineffective. Rollins argues that, in failing to raise the ineffective assistance of trial counsel on appeal, appellate counsel was also ineffective.

Rollins raised this issue in his error *coram nobis* application, which as noted above was summarily denied. A state court is not required to give reasons before its decision can be deemed to be "adjudicated on the merits."[19] When there is no reasoned state court decision denying an issue presented to the state courts "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[20] In that situation this Court must decide the issues de novo on the record before it.[21] In so doing, this Court also presumes that the decision rested on federal grounds,[22] giving the

---

[17] 721 N.Y.S.2d 49 (App. Div. 2001).

[18] *People v. Feuer,* 782 N.Y.S.2d 858, 860 (App. Div. 2004) (citing *Roberts,* 721 N.Y.S.2d at 49, and other cases).

[19] *Richter*, 131 S. Ct. at 785.

[20] *Id*. at 784-85.

[21] *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a de novo standard to a federal claim not reached by the state court).

[22] *See Harris v. Reed*, 489 U.S. 255, 263 (1989); *Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *see also Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-*

presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[23]

The failure of appellate counsel to raise meritless or weak issues does not constitute ineffective assistance of counsel.[24] "However, a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."[25] Consequently, initially this Court must address the underlying issue: whether trial counsel was ineffective in failing to request the instruction *and* if the failure to do so was a significant and obvious issue.

Under *Strickland,* to demonstrate ineffective assistance of counsel, Rollins must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[26] A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[27] Rollins must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's

---

*Coleman* interplay); *Fama v. Comm'r of Correctional Svcs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same).

[23] *Jimenez*, 458 F.3d at 145-46; *see Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[24] *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) (holding that appellate counsel does not have an obligation to raise every nonfrivolous argument); *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) (holding that it is not ineffective counsel to fail to raise meritless claims).

[25] *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000) (quoting *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (internal quotation marks omitted))).

[26] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[27] *Id*.

7

ineffectiveness, the result would have been different.[28] An analysis that focuses "solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."[29] In applying this standard, the Supreme Court has explained that, if the outcome might have been different as a result of a legal error, the defendant has established prejudice and is entitled to relief.[30] An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either one of the *Strickland* prongs.[31]

New York's test for ineffective assistance of counsel under the state constitution differs slightly from the federal *Strickland* standard. "The first prong of the New York test is the same as the federal test; a defendant must show that his attorney's performance fell below an objective standard of reasonableness."[32] The difference is in the second prong. Under the New York test, the court need not find that counsel's inadequate efforts resulted in a reasonable probability that,

---

[28] *Woodford v. Visciotti*, 537 U.S. 19, 22-23 (2002); *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[29] *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *see Strickland*, 466 U.S. at 687; *see also Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."); *United States v. Cronic*, 466 U.S. 648, 658 (1984) ("The right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.").

[30] *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams*, 529 U.S. at 393.

[31] *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

[32] *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010) (citing *People v. Turner*, 840 N.E.2d 123 (N.Y. 2005)).

but for counsel's errors, the outcome would have been different. "Instead, the 'question is whether the attorney's conduct constituted egregious and prejudicial error such that the defendant did not receive a fair trial.'"[33] "Thus, under New York law the focus of the inquiry is ultimately whether the error affected the 'fairness of the process as a whole.'"[34] "The efficacy of the attorney's efforts is assessed by looking at the totality of the circumstances and the law at the time of the case and asking whether there was 'meaningful representation.'"[35]

The New York Court of Appeals views the New York constitutional standard as being some what more favorable to defendants than the federal *Strickland* standard.[36] "To meet the New York standard, a defendant need not demonstrate that the outcome of the case would have been different but for counsel's errors; a defendant need only demonstrate that he was deprived of a fair trial overall."[37] The Second Circuit has recognized that the New York "meaningful representation" standard is not contrary to the federal *Strickland* standard.[38] The Second Circuit has likewise instructed us that federal courts should, like the New York courts, view the New York standard as being more favorable or generous to defendants than the federal standard.[39]

---

[33] *Id.* at 124 (quoting *People v. Benevento*, 697 N.E.2d 584, 588 (N.Y. 1998)).

[34] *Id*. (quoting *Benevento*, 697 N.E.2d at 588).

[35] *Id.* (quoting *People v. Baldi*, 429 N.E.2d 400, 405 (N.Y. 1981)).

[36] *Turner*, 840 N.E.2d at 126.

[37] *Rosario*, 601 F.3d at 124 (citing *People v. Caban*, 833 N.E.2d 213, 222 (N.Y. 2005)).

[38] *Id.* at 124, 126.

[39] *Id.* at 125.

On direct appeal, Rollins contended that the trial court erred in failing to instruct on the defense of others in its justification charge.[40] In rejecting that argument, the Appellate Division, the same court that decided his writ of error *coram nobis* held: "Nor was County Court's failure to include the defense of third parties in its justification charge reversible error because the justification defense [was] negated by proof that [t]he physical force involved [was] the product of a combat by agreement not specifically authorized by law."[41] Thus, Respondent argues that, because Rollins was not entitled to a justification instruction at all, trial counsel was not ineffective in failing to request such an instruction. Rollins counters with the argument that once the trial court gave a justification instruction on the murder charges, under New York law, it also had to give a justification instruction on the lesser-included manslaughter charges and, in failing to so request, trial counsel was ineffective.

In *Roberts*, the principal case upon which Rollins relies, the Appellate Division held:

> We agree with defendant's argument that the trial court erred in failing to instruct the jurors that a finding of not guilty of a greater charge on the basis of justification precluded consideration of any lesser counts (see, *People v Castro,* 131 AD2d 771, 773 ["(A)lthough the court properly permitted the jury to consider justification with respect to each of three counts submitted (murder, second degree, and manslaughter in the first and second degrees) . . . the jury should also have been instructed that a finding of not guilty by reason of justification as to any one of the counts would preclude a verdict of guilty as to its lesser included offenses"[42]

This Court rejects Rollins's arguments on two bases. First, whether the instruction was required is purely a question state law beyond the purview of this Court in a federal habeas

---

[40] As noted above, Rollins has abandoned that claim in these proceedings.

[41] *Rollins*, 858 N.Y.S.2d at 476 (internal quotation marks and citations omitted).

[42] 721 N.Y.S.2d at 50-51.

10

proceeding.⁴³ It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law.⁴⁴ A fundamental principle of our federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."⁴⁵ A determination of state law by a state intermediate appellate court is also binding in a federal habeas action.⁴⁶ This is especially true where the highest court in the state has denied review of the lower court's decision.⁴⁷

Rollins may not transform a state-law issue into a federal one by simply asserting a violation of due process.⁴⁸ "[The Supreme Court has] long recognized that a mere error of state law is not a denial of due process."⁴⁹ "Federal courts hold no supervisory authority over state

---

⁴³ *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied).

⁴⁴ *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Engle v. Isaac*, 456 U.S. 107, 119 (1982) (challenging the correctness of the application of state law does not allege a deprivation of federal rights sufficient for habeas relief); *Bell v. Cone,* 543 U.S. 447, 455 (2005) (a federal court may not lightly presume that a state court failed to apply its own law).

⁴⁵ *Bradshaw v. Richey,* 546 U.S. 74, 76, (2005); *see West v. AT&T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . .").

⁴⁶ *See Hicks v. Feiock,* 485 U.S. 624, 629-30 & n.3 (1988) (noting state appellate court's determination of state law is binding and must be given deference).

⁴⁷ *Id.*; *see also West,* 311 U.S. at 237 ("This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now prosecuted by the same parties before the federal court.").

⁴⁸ *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

⁴⁹ *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (internal quotation marks and citations omitted).

judicial proceedings and may intervene only to correct wrongs of constitutional dimension."[50] This Court must assume that the Appellate Division considered the requirements of New York law and concluded that Rollins was not entitled to relief. Thus, Rollins has failed to raise a question of constitutional dimension.

Even if this Court were to reach the merits, Rollins would not prevail. What Rollins overlooks is that in *Roberts*, as well as the other authorities relied upon, the jury was *properly* instructed on the justification defense with respect to the murder charges. In this case, the Appellate Division held that a justification defense was negated by the facts, which Rollins does not contest. Implicit in that determination is that the trial court *improperly* instructed the jury on the murder charges, but *properly* instructed on the lesser-included manslaughter charges. If a justification defense was not available to Rollins in any event, trial counsel's failure to request it with respect to the manslaughter charges fails both prongs of the *Strickland* test—deficient performance and prejudice. The fact that a justification instruction was requested and *erroneously* given with respect to the murder charges does not necessarily mean the failure to request a similarly erroneous instruction with respect to the lesser manslaughter charges constituted ineffective assistance of counsel. Rollins cites no authority, state or federal, for that position, and independent research by this Court did not uncover any such authority.

Accordingly, given the total absence of federal authority on the question, this Court cannot say that the assumed decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

---

[50] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)) (internal quotation marks omitted); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[51]

Likewise, Rollins's additional argument that "because there is way of knowing whether the acquittal of the two murder counts was based on a finding of justification, so as to require acquittal on the two manslaughter counts as well,"[52] is unpersuasive. That principle underlying that argument cuts both ways. As noted above, the jury was *properly* instructed on manslaughter; it was *improperly* instructed on the justification defense with respect to murder. Conversely, here it may more properly be said that there is no way of knowing whether Rollins may have been convicted of the two murder counts if the jury had not been given the *improper* justification instruction. If, in the absence of the improper justification instruction, the jury would have convicted Rollins of the murder charges, Rollins received the benefit of an improper instruction. Rollins certainly was not prejudiced by the failure of trial counsel to request that the trial court repeat the erroneous instruction with respect to the manslaughter instructions. Nor can it be said that appellate counsel was ineffective for failing to raise this issue. Rollins is not entitled to relief under his second ground.

---

[51] 28 U.S.C. § 2254(d); *see Eisemann v. Herbert*, 401 F.3d 102, 110 (2d Cir. 2005); *McKinney v. Artuz*, 326 F.3d 87, 103 (2d Cir. 2003).

[52] Docket No. 12-1 (quoting *Roberts*, 721 N.Y.S.2d at 51 (internal quotation marks omitted)).

## V. CONCLUSION AND ORDER

Rollins is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[53] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[54]

The Clerk of the Court is to enter judgment accordingly.

Dated: November 30, 2012.

                                                   /s/ James K. Singleton, Jr.
                                                   JAMES K. SINGLETON, JR.
                                                   United States District Judge

---

[53] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).

[54] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.